### GAINES v. RACENET.
### GAINES et al. v. RACENET.

United States District Court
S. D. New York.

Oct. 2, 1950.

See also, D.C., 11 F.R.D. 109.

Appell & Appell, New York City, for plaintiffs. Morris A. Wainger, Frederick W. Appell, New York City, of counsel.

Warren W. Wells, White Plains, N. Y., for defendant.

CONGER, District Judge.

Defendant moves for an order directing judgment in favor of the defendant and against both plaintiffs in the above entitled actions in accordance with Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A., on the ground that there is no issue of fact as to the negligence of defendant.

Plaintiffs are suing defendant for damages alleged to have been caused by reason of a collision between the automobile of plaintiff John S. Gaines and of defendant.

Plaintiffs charge that the collision was brought about solely by the fault, negligence, and improper and unlawful conduct of the defendant in the operation of his automobile.

Defendant has answered the complaints herein and denies any negligence on his part.

On this motion, negligence on the part of the driver of the Gaines' car is not made an issue by the moving party. The defendant asserts the sole question for the Court to determine on this motion is whether or not there is any question of fact presented as to defendant's negligence. In support of his motion he presents depositions of both plaintiffs, his own deposition, deposition of his wife who was riding with him, deposition of Alphonse J. LaBonne,

who was also a passenger in defendant's car and of four other persons who were the occupants of a car that came in contact with defendant's car as the result of the collision between the defendant's car and the Gaines' car.

Defendant argues that it clearly appears from these depositions that there is not a scintilla of evidence of any negligence on defendant's part. Plaintiffs, however, argue that these same depositions clearly demonstrate that there is ample evidence which would warrant a jury in finding in their favor and against the defendant.

■ This is the type of a case which one would not ordinarily expect to find summary judgment granted. It would have to be an extraordinary set of circumstances which would justify such a result. The question of the negligence of the defendant almost invariably is one for the jury. Plaintiffs may have a very weak case, but that does not give this Court authority under this Rule to grant summary judgment.

The Circuit Court of Appeals of this Circuit has stated: "We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts * * *." Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135.

From the evidence before me and the conclusions and deductions which plaintiffs argue must be drawn, and with the above pronouncement of the C.C.A. in mind, I cannot grant defendant's request for summary judgment.

Plaintiffs contend that the testimony of the depositions raises genuine issues as to the negligence of the defendant. Which negligence was the sole cause of the accident?

Plaintiffs say that defendant (1) drove his car at an excessive and illegal rate of speed, (2) that he could have stopped his car and avoided the collision, (3) that he could have slowed down his car and avoided the serious injuries and damage, and (4) that he could have avoided the collision by swerving his car to the right.

■ A reading of the depositions convinces me that I cannot find as a matter of law on these issues that defendant is entitled to judgment as a matter of law.

Motion denied.